OPINION OF THE COURT
Joseph Jaspan, J.
The defendant was sentenced on October 3, 1977 to concurrent terms of five years to life upon his conviction of criminal sale of a controlled substance in the third degree, a class A-III *167 felony under the applicable statute (Penal Law, § 220.39) and seven years to life upon his conviction for criminal sale of a controlled substance in the second degree, a class A-II felony, both involving the sale of heroin. He now moves to be resentenced in accordance with section 60.09 of the Penal Law, effective September 1, 1979.
This section provides that "[a]ny person” convicted of an offense defined in section 220.39 of the Penal Law (criminal sale of a controlled substance in the third degree) or section 220.41 (criminal sale of a controlled substance in the second degree) for an act committed on or after September 1, 1973, but prior to September 1, 1979, may apply for resentencing. The court in its discretion may sentence a person as follows (Penal Law, § 60.09, subd b):
"(i) if the conviction was for a class A-III offense the court may impose a new maximum term which shall be no less than three times the amount of the minimum term imposed in the original sentence and no more than twenty-five years;
"(ii) if the conviction was for a class A-II offense the court may impose a new minimum term which shall be no less than three years imprisonment and no more than eight and one-third years;
"(iii) upon resentence of a person as specified in paragraph (i) of this subdivision the court shall resentence the person to the same minimum term previously imposed;
"(iv) upon resentence of a person as specified in paragraph (ii) of this subdivision the court shall impose a maximum term of life imprisonment.”
This court has denied defendant’s application for any reduction of sentencing partly on the basis of an apparent legislative restraint which is not expressly set forth in section 60.09 of the Penal Law. This memorandum is directed to what may have been a legislative oversight.
The defendant has at least two prior convictions for felonies which would classify him as a predicate felon (Penal Law, § 70.06). They are a 1972 charge of criminal possession of a dangerous drug in the fourth degree to which he pleaded guilty and was sentenced on May 1, 1973 to five years’ probation and sent to an institution under the control of the Narcotic’s Addict Control Commission and a 1970 charge of burglary in the third degree for which he was sentenced for attempted burglary in the third degree on October 9, 1970 and sent to Suffolk County Jail for a period of one year. Other *168 convictions include five other burglaries, a robbery, possession of a dangerous weapon and another drug charge.
Section 60.09 was enacted (L 1979, ch 410) as part of a bill which was designed "to provide a more rational sentencing structure by giving the Judiciary greater flexibility to deal leniently with first offenders involved in small scale transactions, while providing harsher treatment for repeat offenders and large scale drug dealers.” (Governor’s Memorandum, July 5, 1979, NY Legis Ann, 1979, p 238.)
That section which authorizes the resentence of persons previously convicted of certain class A-II and A-III felonies was an effort to harmonize the sentences for offenses committed prior to September 1, 1979 with the law applicable after that date.
The minimum sentence upon conviction of a class A-II drug felony was six years for offenses committed prior to September 1, 1979 and three years for offenses committed subsequent to that date unless the defendant is a second felony offender in which event that minimum sentence "must be fixed by the court at no less than six years” (Penal Law, § 70.06, subd 4).
Since the defendant is a predicate felon, the recent change in the sentencing structure as to a class A-II felony involving drugs would not serve to reduce the six-year minimum previously applicable to that offense.
Defendant argues, however, that since no such limitation is contained in section 60.09 (subd b, par [ii]) of the Penal Law, he falls into a special class which would authorize a sentence as low as three years, notwithstanding his prior convictions.
While section 60.09 permits a resentence to the lesser term of "[a]ny person” convicted of criminal sale of a controlled substance in the second degree prior to September 1, 1979, the adoption of defendant’s argument would produce an anomalous result. A person, not otherwise qualified for a sentence of less than six years to life, would be entitled to a lesser sentence merely because section 60.09 does not make reference to situations in which the applicant is a predicate felon.
No rational basis exists for such a distinction and except for a rare case in which justice would be outraged by a denial of an application to resentence to a lower term, the six-year statutes act as a constraint upon the court.
*169 In the instant case, a combination of factors involving the sales, the nature of the substance, heroin, the consistent pattern of criminal activity, and the constraint referred to above leads this court to conclude that the defendant is not under any circumstances entitled to a reduction of either of the sentences previously imposed upon him.